|   |   |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| MATTHEW JAMES GRIFFIN, | 1:15-cv-00577-AWI-EPG (PC) |
|---|---|
| Plaintiff, | ORDER DENYING PLAINTIFF'S ORAL MOTION FOR APPOINTMENT OF PRO BONO COUNSEL |
| v. | |
| GONZALES, et al., | |
| Defendants. | |

Matthew Griffin ("Plaintiff") is a prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. On May 1, 2017, the Court held an initial scheduling conference in this case. At the conference, Plaintiff made an oral motion for the appointment of pro bono counsel. According to Plaintiff, he needs counsel appointed because of issues related to his incarceration in North Carolina, and because he has a serious vision impairment.

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn in part on other grounds, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1), Mallard v. United States District Court for the Southern District of Iowa,

1

490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

The Court will not order appointment of pro bono counsel at this time. At this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Moreover, based on the record in this case, it appears that Plaintiff can adequately articulate his claims and respond to court orders.

Plaintiff is advised that he is not precluded from renewing the motion for appointment of pro bono counsel at a later stage of the proceedings. Additionally, the Court notes that if Plaintiff needs any deadlines to be extended, he is free to ask the Court to extend those deadlines.

For the foregoing reasons, Plaintiff's oral motion for appointment of pro bono counsel is DENIED without prejudice.

IT IS SO ORDERED.

Dated: __**May 1, 2017**__   /s/ *Erwin P. Groig*
UNITED STATES MAGISTRATE JUDGE